APPEAL NO. 24-3278

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

CHRISTIN HEAPS,
*Plaintiff-Appellant*,

v.

DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION;
et al.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of New Jersey
Case No. 3:24-cv-00107

# L.A.R. 4.1 MOTION TO
# EXPEDITE ARGUMENT AND DECISION

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
kanderson@ADFlegal.org

Ronald A. Berutti
Gwyneth K. Murray-Nolan
MURRAY-NOLAN BERUTTI LLC
136 Central Ave, 2nd Floor
Clark, NY 07066
(980) 588-2111
ron@murray-nolanberutti.com
gwyneth@murray-nolanberutti.com

James A. Campbell
Vincent M. Wagner
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
vwagner@ADFlegal.org

David A. Cortman
Chloe K. Jones
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org
cjones@ADFlegal.org

*Attorneys for Plaintiff-Appellant*

Plaintiff-Appellant Christin Heaps respectfully moves to expedite oral argument and a decision in this matter, as detailed below. This motion is timely filed under L.A.R. 4.1, because it is submitted within 14 days of the occurrence that is the basis for this motion.[1] Mr. Heaps provided advance notice of this motion by telephone to the Clerk of Court. *See* L.A.R. 27.7.

This appeal concerns a public-school policy, and the New Jersey law and guidance on which it is based, of excluding parents from any involvement in deciding whether to "socially transition" their child; that is, to exclude them from decisions about whether to treat their child as the opposite sex during the school day. This law, guidance, and policy have already disrupted the education of Mr. Heaps's daughter. And Defendants' recent actions heighten the risk of even more significant harm. Absent injunctive relief protecting his daughter from the unlawful policy, Mr. Heaps cannot enroll his child for in-person instruction. JA.268. The School Board's recent actions, as detailed below, will force Mr. Heaps to continue his daughter's remote-learning arrangement *indefinitely*, which causes her quality of education to suffer. *Id.* Mr. Heaps files this motion to keep that from happening.

---

[1] Namely, it was prompted on September 4, 2025, by filings in this Court and the district court by Defendants-Appellees Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda. *See* CA3 ECF Nos. 109-1, 109-2, 109-3; D.N.J. ECF No. 94.

For months, Defendant-Appellee Delaware Valley Regional High School Board of Education and its employees facilitated the social transition of Mr. Heaps's 14-year-old daughter—referring to her by a masculine name and male pronouns—without his knowledge or consent and affirmatively concealed its actions from him. JA.62–63, 121, 265–66. Even after Mr. Heaps incidentally discovered the School Board's actions, it refused to stop. JA.185–87. It claimed New Jersey law, state guidance, and school district policy require treating students as the opposite sex, even without parental notice or consent. JA.186–88. In fact, it still claims that. School.Br.14;[2] *see* State.Br.13–16; *see also id.* at 12 (noting that the State Defendants are currently suing school districts with policies that involve parents in such decisions).

As explained in Mr. Heaps's opening brief, that law, guidance, and policy violate his Fourteenth Amendment parental right to direct his daughter's upbringing, education, and healthcare. Opening.Br.29–68. Left with no other educational alternative, JA.188, 267, Mr. Heaps placed his daughter in the School Board's remote-learning program, JA.185, and immediately filed this lawsuit to vindicate his constitutional rights, *see* JA.64 (describing Mr. Heaps's December 8, 2023 meeting with School Board employees, in which they decline to follow his instructions to stop socially transitioning his daughter); JA.42 (com-

---

[2] Mr. Heaps uses the pagination that follows this Court's stamped header.

plaint and motions for emergency relief filed January 5, 2024). The district court denied Mr. Heaps's motion for a temporary restraining order and ordered further proceedings on the preliminary injunction motion. D.N.J. ECF No. 38 at 1.

Throughout this litigation, the School Board has sought to harm the Heaps family and to delay the judicial relief they need. At the outset, it tried to force Mr. Heaps to enroll his daughter for in-person instruction. JA.186–87, 229. But it pledged to continue socially transitioning her—despite knowing about Mr. Heaps's instruction to refer to his daughter as a girl. JA.187. And when Mr. Heaps declined that arrangement, the School Board threatened to "take action regarding [her] attendance" and deem her truant. JA.103, 188. Alarmingly, New Jersey child-protective services showed up at his doorstep just two days after that threat. JA.118; *see* JA.109.

Even after relenting to a remote-learning arrangement, the School Board informed the family on the eve of final exams that it would not permit Mr. Heaps's daughter to sit for her exams. JA.244–45. Despite her successfully earning high grades on her assignments, JA.245, 249–56, the School Board said it was holding her back, JA.245, 248. To challenge that abrupt and inexplicable decision, Mr. Heaps filed an emergency motion for a temporary restraining order. Sealed.App.1–3. And the School Board eventually let her complete her exams. JA.271.

Although Mr. Heaps filed a verified complaint to support his preliminary injunction motion, the School Board delayed its adjudication by insisting on discovery. It demanded to depose Mr. Heaps's daughter herself. D.N.J. ECF No. 76 at 1. But the district court denied that demand as "unnecessarily burdensome to Jane Doe." *Id.* at 2.

Even so, it partially allowed the School Board's other discovery requests. D.N.J. ECF No. 55. So Defendants deposed the care team for Mr. Heaps's daughter and subpoenaed her health records. *See* Sealed.App.4–5 (introducing those exhibits). That discovery prolonged litigation in the district court by several months. *Compare* D.N.J. ECF No. 51 (School Board May 2, 2024 letter requesting discovery), *with* Sealed.App.6, 24 (depositions conducted in mid-to-late August 2024).

After nearly a year of litigation, the district court denied Mr. Heaps's preliminary injunction motion. JA.2. Soon after he appealed, his counsel in the district court suffered a medical condition that required seeking a temporary abeyance of this appeal. CA3 ECF No 5. A few weeks later, a fire destroyed Mr. Heaps's long-time family home. CA3 ECF No 121-1 at 1. And current counsel then appeared to assist district-court counsel with this appeal.

The School Board now tries to exploit those unfortunate circumstances to its advantage in this appeal. Mr. Heaps and his daughter now live at a rental property within the school district, CA3 ECF No.

121-2 at 1–3, a fact that Mr. Heaps and his counsel told the School Board employees and their counsel during the summer of 2025.

Despite that, on September 4, 2025, the School Board's counsel filed letters with this Court and the district court alleging that Mr. Heaps now lives outside New Jersey. CA3 ECF Nos. 109-1, 109-2. But the School Board based that allegation on cherry-picked social-media posts. *See* CA3 ECF No. 121-2 at 3 (discussing another post, omitted by the School Board, that disproves its allegations). As he has already explained to the Court in affidavit, Mr. Heaps continues to live within the school district in New Jersey while making out-of-state trips to look for work. *See* CA3 ECF No. 123-1 at 2 (sealed version of affidavit with Mr. Heaps's current street address unredacted). Indeed, the National Center for Education Statistics at the U.S. Department of Education lists Mr. Heaps's rental address as located in the Delaware Valley Regional School District. *See* School & District Navigator, NCES, https://nces.ed.gov/ccd/schoolmap/. Consistent with that, the School Board has again enrolled his daughter in its remote-learning program. CA3 ECF No.121-2 at 3.

The School Board's decision to enroll her this fall, which is proof it is aware she is living within its boundaries, exposes its letter to the Court as a delay tactic. Not only that, combined with its conduct in the district court, the School Board's letter demonstrates a pattern—of delay by seeking unnecessary discovery, of threats to Mr. Heaps unless

5

he acquiesces to the very policy he challenges, of using a young woman's education for leverage in litigation.

This Court should not tolerate such "'Rambo' litigation tactics." *Clapper v. Am. Realty Invs., Inc.*, 95 F.4th 309, 318 (5th Cir. 2024) (citation omitted). They constitute "exceptional reason[s] that warrant[] expedition." L.A.R. 4.1. Defendants' unconstitutional law, guidance, and policy have already disrupted more than half of the high-school career of Mr. Heaps's daughter. Without quick intervention by this Court, Mr. Heaps will be forced to continue his daughter's isolating online schooling indefinitely to avoid the harms caused by Defendants. And the School Board's past conduct demonstrates that it will continue looking for "sharp practices"—like unnecessary discovery into questions to which it already knows the answer—"to delay the administration of justice" and make this litigation more burdensome for Mr. Heaps. *Clapper*, 95 F.4th at 318 (quoting *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) (en banc) (per curiam)).

To avoid those harms, Mr. Heaps respectfully requests that this Court set an expedited oral-argument schedule. Briefing closes on September 23, 2025. Mr. Heaps proposes that argument be heard in early November and a decision rendered before the start of the spring semester on January 5, 2026. That timeline would ensure his

daughter's continued enrollment for her remaining three semesters of high school.

Accordingly, Mr. Heaps proposes the following schedule to allow a decision by the Court in advance of the spring semester:

**Argument:** Early November, at the Court's convenience.

**Ruling:** Respectfully requested by January 5, 2026.

Counsel for Plaintiff-Appellant conferred with counsel for Defendants-Appellees, who indicated that they oppose this motion and intend to file written responses detailing their position.

## CONCLUSION

Mr. Heaps respectfully requests that the Court enter the above proposed expedited argument schedule and issue its ruling in this appeal by the date listed above.

Respectfully submitted,

Dated: September 18, 2025

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
kanderson@ADFlegal.org

Ronald A. Berutti
Gwyneth K. Murray-Nolan
MURRAY-NOLAN BERUTTI LLC
136 Central Ave, 2nd Floor
Clark, NY 07066
(980) 588-2111
ron@murray-nolanberutti.com
gwyneth@murray-nolanberutti.com

/s/ Vincent M. Wagner

James A. Campbell
Vincent M. Wagner
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
vwagner@ADFlegal.org

David A. Cortman
Chloe K. Jones
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org
cjones@ADFlegal.org

*Attorneys for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1486 words, as determined by the word counting feature of Microsoft Office 365.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14-point Century Schoolbook.

3. Vincent M. Wagner is a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

4. In accordance with L.A.R. 31.1(c), this motion has been scanned for viruses with the most recent version of a commercial virus scanning program, Cortex XDR, Agent version 7.8.1, and is free of viruses according to this program.

*/s/Vincent M. Wagner*
Vincent M. Wagner
Attorney for Appellant

September 18, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I electronically filed this Local Rule 4.1 Motion to Expedite Argument with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/Vincent M. Wagner*
*Attorney for Plaintiff-Appellant*

September 18, 2025