**CASE NO. 24-3278**

# In the United States Court of Appeals for the Third Circuit

**CHRISTIN HEAPS**

*Plaintiff-Appellant,*

*v.*

**DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, et al.,**

*Defendants-Appellees.*

Appeal from the United States District Court for the District of New Jersey

Civil Action No. 24-107 (GC-JBD)

## DEFENDANTS-APPELLEES DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUATION, SCOTT MCKINNEY AND ASHLEY MIRANDA'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE ARGUMENT

Roshan D. Shah, Esq.
Ashu Verma, Esq.
**SHAH LAW GROUP, LLC**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Phone: 732-398-6545
Facsimile: 732-576-0027
*Attorneys for Defendants-Appellees Delaware Valley Regional High School Board of Education, Scott McKinney and Ashley Miranda*

## PROCEDURAL AND FACTUAL BACKGROUND

Defendants-Appellees Delaware Valley Regional High School Board of Education (the "District"), Scott McKinney, and Ashley Miranda (collectively, the "Board Defendants") rely upon the Factual and Procedural Background set forth by the State Defendants in their opposition brief. D.E. 137[1].

## ARGUMENT

### I. The Court Should Deny Heaps's Request For An Expedited Schedule.

A party seeking to expedite an appeal must set forth an "exceptional reason that warrants expedition." L.A.R. 4.1. In his motion, Heaps asserts that the need for an expedited schedule was "prompted on September 4, 2025, by filings in this Court and the district court by Defendants-Appellees Delaware Valley Regional High School Board of Education, Scott McKinney, and Ashley Miranda." *See Pl.'s Mvg. Br.*, *1, n.1. The filings that Heaps refers to concern questions about this Court's subject matter jurisdiction over the prospective relief claims. In effect, Heaps is trying to outrun a potentially adverse decision by the district court that would find his claims for a preliminary injunction are moot. That would render his entire appeal moot. The Court should decline to let Heaps circumvent serious jurisdictional questions by expediting the appeal.

[1] "D.E." refers to entry on this Court's docket.

To obtain prospective relief in the form of an injunction disabling Board Policy 5756, Heaps must show that A.H., his daughter, is entitled to attend Delaware Valley Regional High School. If A.H. is no longer eligible to attend the District's only school, Heaps cannot obtain any injunctive relief. *See Scicchitano v. Mt. Carmel Area Sch. Bd.*, 46 Fed. Appx. 667, 671 (3d Cir. 2002). That would render moot his application for a preliminary injunction.

Currently pending before the District Court is the Board Defendants' application to re-open discovery based on newly-discovered evidence about Heaps's residency, including the tragic fire the family suffered earlier this year to their home in Pittstown, NJ, their purchase of a sizeable home in Florida, and social media posts from A.H.'s stepmother about how the family has relocated to Florida. *See* D.E. 109. The parties have exchanged letters explaining (or opposing) the need for additional discovery to settle this factual dispute about Heaps—and A.H.'s—residency status.

While the District Court has not ruled whether jurisdictional discovery will be permitted[2], this Court should avoid expediting a decision on the merits of a constitutional issue while the jurisdictional issue remains cloudy. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("[f]or a court to pronounce

[2] Heaps's response to the defendants' filing was only submitted yesterday, in line with the District Court's schedule.

upon the meaning" of the law "when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires").

Furthermore, Heaps's contention that A.H.'s education will suffer if she continues remote learning is belied by the very evidence he relied upon to excuse her in-person absence in the first place. On August 15, 2025, Heaps, through his counsel, submitted a note from Lori Ioratti, ANP[3], stating that A.H. should remain out of school due to her anxiety. *See Letter from Vincent Wagner, Esq.*, attached as Exhibit A. Thus, it's not clear that A.H. would necessarily return to school even if Board Policy 5756 was repealed, at least not on the face of Nurse Ioriatti's letter of July 9, 2025.

Finally, we note: we strongly disagree with Heaps's contention that the Board Defendants have engaged in delay tactics or sought to harm A.H., *see pl.'s mvg. br.*, *3. Heaps's self-serving accusations against the Board Defendants are at odds with the record below. Contrary to Heaps's speculative claims, the District did not contact the Department of Child Protection & Permanency regarding A.H.'s absence from school. JA.127.

---

[3] As we learned during Nurse Ioratti's deposition, she has previously issued medical notes excusing A.H.'s absence from school without examining A.H. at all. [cite to appendix]. The Board Defendants reserve the right to more fully explore the basis for Nurse Ioriatti's statements in her letter of July 9, 2025.

Nor did the District try and deprive A.H. of educational opportunities. The record demonstrates the exact opposite. As early as February 2024, the District offered A.H. an online learning platform, Educere, by which she could meet her educational seat time requirements—which are mandated by the State. JA.229. Heaps refused to allow A.H. to use this online learning platform and, instead, kept her out of school altogether. Only months after the online option was offered and the District informed him that A.H. could not meet State-mandated seat time requirements, did Heaps finally allow A.H. to access the online platform. JA.274.

A similar story played out with respect to A.H.'s final exams. The District never refused A.H. the opportunity to sit for final exams. Rather, the District only stated she could not sit for such exams without school supervision. JA.230. The District offered A.H. several options to sit for final exams, including taking them under the supervision of a proctor at a public library. *Id.* After initially refusing, Heaps relented and the exams went forward without issue. Heaps's emergent application for a temporary restraining order was denied as meritless. JA.234.

Heaps's complaints about the Board Defendants seeking discovery are also misguided and incomplete. What he fails to acknowledge is that he opened the door to discovery when he tried to submit medical evidence in support of his application for a preliminary injunction with his reply brief. In light of that improper attempt to introduce new evidence through a reply brief—as well as the suspect nature of the

evidence—the Board Defendants felt compelled to seek discovery. That discovery revealed that the medical evidence concerning A.H. lacked any foundation—indeed, one of the so-called experts had no scientific training at all and the other had issued several medical notes without even examining A.H.—all of which the District Court pointedly noted in its decision denying preliminary injunctive relief. JA.6-9. Seeking discovery to rebut improperly submitted evidence isn't a delay tactic.

Finally, we note: the Board Defendants have acted diligently while this matter has been on appeal. Both parties sought extensions of time to file their merits brief, with Heaps seeking 21 days, and the Board Defendants seeking 30 days due to an ongoing trial. In addition, it was Heaps—not the Board Defendants—who sought a stay of this case for 60 days one month after filing his notice of appeal. D.E. 5.

We appreciate that Heaps takes exception to the Board Defendants inquiring about the Court's subject matter jurisdiction instead of simply litigating purely on the merits. But ignoring subject matter jurisdiction is not a choice that's available to us. "[L]itigants and district courts must assure themselves of subject-matter jurisdiction" so as to "avoid wasting judicial and party resources." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Our inquiry seeks to effectuate this duty. We respectfully submit that, while this inquiry is open, the Court should avoid fast-tracking an appeal, thereby avoiding the risk of opining on a constitutional question without subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should deny Heaps's motion to expedite the appeal.

**SHAH LAW GROUP, LLC**
*Attorneys for Defendants-Appellees Delaware Valley Regional High School Board of Education, Scott McKinney and Ashley Miranda*

Dated: September 25, 2025

By: */s/Roshan D. Shah*
ROSHAN D. SHAH, ESQ.
ASHU VERMA, ESQ.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**SHAH LAW GROUP, LLC**
*Attorneys for Defendants-Appellees Delaware Valley Regional High School Board of Education, Scott McKinney and Ashley Miranda*

Dated: September 25, 2025

By: */s/Roshan D. Shah*
ROSHAN D. SHAH, ESQ.
ASHU VERMA, ESQ.