

December 12, 2025

*via CM/ECF*
Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Heaps v. Delaware Valley Regional High School Board of Education*, No. 24-3278

Dear Ms. Dodszuweit,

We write in response to Ms. Hanley's December 11 letter to this Court. *See* ECF No. 146. Contrary to what that letter implies, the pending motion to dismiss should not delay the scheduling of oral argument in this appeal for three reasons.

*First*, this appeal concerns the denial of a preliminary injunction—a matter over which the district court divested itself of jurisdiction more than a year ago. The court denied the motion on November 27, 2024, *see* No. 3:24-cv-00107, ECF No. 89, then sua sponte "administratively terminate[d] th[e] matter pending the outcome of Plaintiff's appeal," *id.*, ECF No. 93. There is no motion before this Court suggesting any jurisdictional impediment to proceeding, and Mr. Heaps has been waiting long enough for protection of his constitutional parental rights.

*Second*, this appeal is not moot. The State Defendants reference "recent factual developments" that have purportedly "cast doubt on whether this Court continues to have Article III jurisdiction." Those "developments" concern whether Mr. Heaps's daughter continues to attend Delaware Valley Regional High School. Despite such rhetoric, it is undisputed that Mr. Heaps's daughter *remains enrolled* at Delaware Valley Regional High School. Indeed, the School Defendants control that enrollment and, under New Jersey law, possess the authority to

Patricia S. Dodszuweit, Clerk
December 12, 2025
Page 2

initiate de-enrollment proceedings if they believe domicile to be lacking. *See* N.J. Rev. Stat. §18A:38-1(b)(2). Yet throughout the entire fall 2025 semester through today—despite repeatedly urging delay in both courts—the School Defendants have taken no steps to pursue de-enrollment. Accordingly, the challenged policy, as well as the state law and regulations, continue to apply to and harm Mr. Heaps and his daughter on a daily basis. The controversy is therefore live, the case is fit for review, and further delay will only harm Mr. Heaps through ongoing violations of his fundamental parental rights. A delay would also harm his daughter, who remains in remote learning, depriving her of a full educational experience alongside her Delaware Valley peers.

*Third*, the School Defendants' motion below is short, narrow, premised on a record with which the district court is already well acquainted, and concerns factual determinations rather than complex legal analysis. It will be fully briefed weeks before the period during which the Court has indicated it may hear argument. To the extent this Court might have outstanding questions about the motion or the district court's determination, counsel for Mr. Heaps will be prepared to address them at oral argument.

In sum, jurisdiction over the preliminary injunction lies with *this* Court, and Appellees have filed no motion with this Court disputing that point. Meanwhile, despite immediately seeking injunctive relief *two years ago*, Mr. Heaps continues to suffer irreparable harm because of these ongoing efforts to delay adjudication. For these reasons, Mr. Heaps respectfully requests that the Court proceed with scheduling oral argument during the week of February 9–13, without regard to collateral filings in the administratively-stayed district-court matter.

                                            Respectfully submitted,

                                            */s/ Katherine L. Anderson*
                                            Katherine L. Anderson
                                            Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

    I hereby certify that on December 12, 2025, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

                                            */s/ Katherine L. Anderson*
                                             Katherine L. Anderson
                                             Attorney for Plaintiff-Appellant